# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TAMARA DAWN NEGRETE,

    *Plaintiff,*

v.

    Case No. 6:18-CV-01049-EFM-GEB

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff, a citizen of Kansas, brought this action against Defendant, a foreign corporation, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant filed a motion to dismiss for lack of subject-matter jurisdiction (Doc. 19), asserting that the Court does not have jurisdiction over Plaintiff's claim because the amount in controversy does not exceed $75,000. Plaintiff has shown that it does not appear to a legal certainty that Plaintiff's claim cannot meet the required amount in controversy; therefore, Defendant's motion is denied.

## I.     Factual and Procedural Background[1]

Plaintiff purchased insurance from Defendant, including: automobile liability insurance, uninsured motorist insurance, auto collision insurance, and auto comprehensive insurance. On June 14, 2015, while Plaintiff was insured by Defendant, the vehicle operated by Plaintiff was struck by a negligent intoxicated driver. At the time of the accident, the negligent driver was an uninsured motorist. Plaintiff claims that she demanded payment by Defendant for uninsured motorist benefits, and that Defendant either did not respond to this demand or denied it. Plaintiff's uninsured motorist coverage is contractually limited to $50,000.

## II.    Legal Standard

Federal courts are courts of limited jurisdiction and the Court has a duty to examine whether it has authority to hear the merits of an action.[2] The burden of establishing jurisdiction is on the party "who claims that the power of the court should be exerted [on her] behalf."[3] The Court has subject-matter jurisdiction over an action if it arises under (1) federal-question jurisdiction or (2) diversity jurisdiction.[4] Diversity jurisdiction requires complete diversity of citizenship between the plaintiff and defendant and an amount in controversy exceeding $75,000, exclusive of interests and costs.[5] " 'The amount in controversy is not proof of the amount the

---

[1] Facts are derived from Plaintiff's complaint and her response to Defendant's motion to dismiss. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) ("A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).") (citations omitted).

[2] Fed. R. Civ. P. 12(h)(3); U.S. Const. art. III; *Glass v. Ocwen Loan Servicing, LLC*, 2015 WL 4647905, at *1 (D. Kan. 2015); *Sheldon v. Sill*, 49 U.S. 441, 448-49 (1850).

[3] *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

[4] 28 U.S.C. § 1331; 28 U.S.C. § 1332.

[5] 28 U.S.C. § 1332(a); *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Here, the parties do not dispute diversity of citizenship and Plaintiff pleads that she is a resident of Kansas and that Defendant is a foreign corporation.

plaintiff will recover,' but rather, 'it is an estimate of the amount that will be put at issue in the course of the litigation.' "[6] There is a strong presumption in favor of the amount in controversy alleged by the plaintiff.[7] When the amount in controversy alleged in a plaintiff's federal complaint is challenged, " 'the plaintiff[] must show that it does not appear to a legal certainty that [she] cannot recover' the jurisdictional amount."[8] "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction."[9] A plaintiff may include attorney's fees when computing the amount in controversy if an applicable statute permits recovery of attorney's fees as compensable damages.[10]

### III.   Analysis

Defendant filed the current motion challenging the amount in controversy alleged by Plaintiff and arguing that Plaintiff's recovery is limited by the contractual cap on her insurance coverage of $50,000. Because Plaintiff filed this action in federal court, the burden of establishing jurisdiction falls to her. Therefore, Plaintiff must show to a legal certainty that this contractual limitation does not preclude her recovery from reaching the jurisdictional amount and that it does not appear to a legal certainty that she cannot recover the jurisdictional amount.

---

[6] *Armour v. Transamerica Life Ins. Co.*, 2010 WL 4180459, at *2 (D. Kan. 2010) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

[7] *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003) (citing *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000) (noting that amount alleged in the complaint can alone be sufficient to satisfy showing that it is not legally certain the amount is less than the jurisdictional requirement); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994) ("The legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim.")).

[8] *Woodmen*, 342 F.3d at 1216 (quoting *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994)).

[9] *Id.* at 1217 (citation omitted).

[10] *See id.* at 1218; *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

Plaintiff asserts that K.S.A. § 40-908 applies to her claim, thus making her requested attorney's fees compensable damages includable in the amount in controversy calculation. Plaintiff is not required to plead specific details of her attorney fee agreement, but must allege sufficient facts to convince the Court that "recoverable damages will bear a reasonable relation to the minimum jurisdictional floor."[11]  K.S.A. § 40-908 states:

> That in all actions now pending, or hereafter commenced in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action including proceeding upon appeal to be recovered and collected as a part of the costs: *Provided, however,* that when a tender is made by such insurance company before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed.[12]

The Kansas Supreme Court has interpreted this statute to apply regardless of the type of loss suffered by an insured; rather, the type of *policy* determines whether the statute applies.[13]  If Plaintiff's policy includes coverage for property damage caused by fire, tornado, lightning or hail, Plaintiff may recover under the statute.[14]  Plaintiff asserts that her coverage with Defendant is comprehensive, including insurance against property damage caused by fire, tornado, lightning or hail.  Therefore, if Plaintiff obtains a favorable judgment, Plaintiff may be entitled to recover attorney's fees as compensable damages.  Because Plaintiff may possibly recover attorney's fees

---

[11] *Gerig v. Krause Publ'ns, Inc.*, 58 F.Supp.2d 1261, 1264 (D. Kan. 1999) (quoting *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973)).

[12] K.S.A. 40-908; emphasis in original.

[13] *Bussman v. Safeco Ins. Co. of Am.*, 298 Kan. 700, 317 P.3d 70, 89 (2014); *Lee Builders, Inc. v. Farm Bureau Mut. Ins. Co.*, 281 Kan. 844, 137 P.3d 486, 497 (2006); *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 953 P.2d 1027, 1032 (1998) ("If the loss is covered by a policy which insures against fire, tornado, lightning, or hail, then the statute applies regardless of whether the actual loss occurred by one of those named causes or some other cause covered by the same policy.").

[14] K.S.A. § 40-908; *Bussman* 317 P.3d at 89; *Lee Builders*, 137 P.3d at 497; *Hamilton*, 953 P.2d at 1032.

based on this statute, she may include a reasonable estimate of those fees in calculating the amount in controversy.[15]  If Plaintiff succeeds on her legal theories, her recoverable attorney's fees reasonably could exceed $25,000, thus making her total recovery above $75,000.

Plaintiff has shown that her possible recovery may include attorney's fees under K.S.A. § 40-908.  Plaintiff asserts that her potential recovery is well beyond the $75,000 threshold, and has shown that it does not appear to a legal certainty that she cannot recover the jurisdictional amount.  Accordingly, the Court has subject matter jurisdiction to hear the merits of Plaintiff's claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Under Rule 12(h)(3) for Lack of Subject Matter Jurisdiction (Doc. 19) is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated this 26th day of June, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[15] *Gerig*, 58 F.Supp.2d at 1264-65; *Miera*, 143 F.3d at 1340 ("The Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.") (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)).